IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD HENRI VISSERS,
    Petitioner,

vs.                                    Case No.: 5:14cv238/WS/EMT

UNITED STATES OF AMERICA,
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

        Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) and a motion to proceed in forma pauperis (doc. 3).

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the petition, it is the opinion of the undersigned that the petition is due to be dismissed as premature.

        Petitioner is a federal detainee currently housed at the Bay County Jail (*see* doc. 1). He pleaded guilty and was adjudicated guilty by this district court, Case No. 5:13cv37/RS, of one count of making a false statement in application/use of a passport and one count of fraud with identification documents. *See* United States v. Vissers, No. 5:13cr37/RS, Plea Agreement and Minute Entry (N.D. Fla. May 14, 2014). He is scheduled to be sentenced on November 13, 2014. *See Id.*, Order (N.D. Fla. Sept. 16, 2014). Petitioner is represented by counsel in the criminal case.

        Petitioner filed the instant § 2241 petition in the United States District Court for the District of Columbia (*see* doc. 1). The district court for the District of Columbia properly transferred the petition to this court (*see* doc. 4). In his habeas petition, Petitioner claims the district court lacks jurisdiction to proceed in the criminal case (*see* doc. 1). He seeks a stay, and ultimately dismissal, of the criminal case (*see* docs. 1, 2).

The claims Petitioner seeks to raise are properly brought in his criminal case and subsequent direct appeal, should he choose to file one. Therefore, the instant petition is premature and due to be dismissed. *See, e.g.*, Garcon v. Palm Beach Cnty. Sheriff's Office, 291 F. App'x 225, 226 (11th Cir. 2008) (unpublished) (§ 2241 petition of federal pre-trial detainee who had not been brought to trial as of date of filing and who was represented by counsel in his upcoming criminal case was properly dismissed as premature; although detainee subsequently was convicted and was scheduled for sentencing after filing of petition, claims that detainee sought to raise—that (1) his indictment was invalid; (2) the court lacked jurisdiction to hear his criminal case; (3) counsel had been ineffective; (4) the grand jury was selected in a racially discriminatory manner; (5) his arrest warrant was not supported by probable cause; and (6) there were violations of the Speedy Trial Act—were properly brought during his criminal case and subsequent direct appeal); Garey v. Fed. Det. Ctr., Miami, 180 F. App'x 118, 121 (11th Cir. 2006) (unpublished) (§ 2241 petition of federal pre-trail detainee was properly dismissed as premature where petitioner alleged violations of (1) his Fourth Amendment rights (a) during the investigation that led to his arrest, (b) in securing the warrant, and (c) in publicizing his arrest; (2) his Fifth and Fourteenth Amendment rights to procedural and substantive due process when (a) respondents secured the warrant for his arrest, (b) respondents punished him for his refusal to waive his constitutional rights, (c) respondents abused him and mistreated him during his incarceration, and (d) the U.S. District Court for the Middle District of Georgia issued a ruling that denied him his liberty interest; (3) his Sixth Amendment rights to (a) effective assistance of counsel, (b) confrontation of his accusers, and (c) a speedy trial; because claims should have been raised in his criminal case, not in a § 2241 petition); Morrow v. Terrell, 715 F. Supp. 2d 479, 480–81 (S.D. N.Y. 2010); Williams v. O'Neill, No. 5:11cv113, 2012 WL 1041749, at *2 (S.D. Ga. Mar. 28, 2012) (unpublished).

Accordingly, it is **ORDERED**:

Petitioner's motion to proceed in forma pauperis (doc. 3) is **GRANTED** for the limited purpose of dismissal of this case.

And it is respectfully **RECOMMENDED**:

That the habeas petition (doc. 1) be **DISMISSED** without prejudice.

Case No.: 5:14cv238/WS/EMT

At Pensacola, Florida, this 24<u>th</u> day of September 2014.

<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**